| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**(b)<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>7 Century Drive - Suite 201<br>Parsippany, New Jersey 07054<br>(973) 538-9300<br>Attorneys for Secured Creditor<br>ROUNDPOINT MORTGAGE SERVICING<br>CORPORATION, as servicer for<br>CARISBROOK ASSET HOLDING TRUST<br>R.A. LEBRON, ESQ.<br>857BWD<br>bankruptcy@feinsuch.com | **Order Filed on October 18, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>AMBROSIA APPIAH aka AMBROSIA WALKER<br><br> Debtor(s). | Case No.:  18-22194 CMG<br><br>Hearing Date: October 17, 2018<br><br>Judge: Honorable Christine M. Gravelle<br><br>Chapter:   13 |

Recommended Local Form:   ☒ Followed   ☐ Modified

**ORDER VACATING STAY AND CO-DEBTOR STAY**

The relief set forth on the following page is hereby **ORDERED.**

**DATED: October 18, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Upon the motion of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for the Secured Creditor, ROUNDPOINT MORTGAGE SERVICING CORPORATION, as servicer for CARISBROOK ASSET HOLDING TRUST, under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay and co-debtor stay is hereby vacated to permit the movant to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒ Real property more fully described as:

55 FOXWOOD DR, SOMERSET, NJ 08873.

It is further ORDERED that the co-debtor stays under 11 U.S.C. 1301(c) is vacated as to the co-debtor, *(ANTHONY APPIAH)*, to permit ROUNDPOINT MORTGAGE SERVICING CORPORATION, as servicer forCARISBROOK ASSET HOLDING TRUST to pursue its rights in the real property described above and as to the co-debtor.

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.